# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

DALE CRUSE, JERNEJ FURMAN
ALEX PROIMOS, BEN SCHUMIN,
FALCO ERMERT, IVAN RADIC,
MARCO VERCH, and NENAD
STOJKOVIC,

                Plaintiffs,

    v.

BLOCK, INC., fka SQUARE, INC.
as successor by merger with
WEEBLY, INC.

                Defendant.

**DEMAND FOR JURY TRIAL**

CIVIL ACTION NO.

## COMPLAINT

Plaintiffs DALE CRUSE, JERNEJ FURMAN, ALEX PROIMOS, BEN

SCHUMIN, FALCO ERMERT, IVAN RADIC, MARCO VERCH, and NENAD

STOJKOVIC (each a "Plaintiff," or "Photographer," and collectively the

"Plaintiffs," or "Photographers"), by and through their undersigned attorneys, state

their claims against BLOCK, INC., as follows:

## JURISDICTION, AND VENUE

1.     This action arises under the Federal Copyright Act of 1976, as amended, 17 U.S.C. § 101, *et seq.*  This Court is vested with subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 (federal question jurisdiction) and 1338(a) (copyright jurisdiction).

2.     This Court has personal jurisdiction over the Defendant because it is present at its offices in this District, and because it is transacting, doing, and soliciting business in this District.

3.     Venue is proper under 28 U.S.C. § 1391 (b)(1-2), (c)(1-2), and (d), and 28 U.S.C. § 1400(a).

## THE PLAINTIFFS

4.     Dale Cruse ("Cruse") is a professional photographer who resides in the United States. Cruse's architectural photography offers bold and vibrant imagery through his use of negative space and framing. He utilizes AI-based post-processing, which allows him to create great lines, smart enhancements, and accurate color. Cruse started his career as a photojournalist in the U.S. Army and is a lifetime member of the National Press Photographers Association. Cruse's work can be seen in publications including Business Insider, Le Monde, NPR, and TimeOut.

5.     Jernej Furman ("Furman") is a professional photographer from Slovenia. Furman specializes in lifestyle photography in crisp definition and warm colors, and is aimed for use on Amazon, social platforms, and in advertising. Furman's subjects also include adventure and travel, and his clients include Head Kandy, Zerosock, X-Gamer, and Fadecase. His photographs have been published on websites for National Geographic Travel, CNN Travel, Time Magazine and The Telegraph.

6.     Alex Proimos ("Proimos") is a professional photographer who resides in Australia. Proimos is a self-taught photographer with 20 years of experience, and he specializes in landscape, people, and macrophotography. His work has appeared in over 150 publications, and has been featured on ABC, Getty Images, The Atlantic, Forbes, Fast Company, Los Angeles Times, USA Today, Lonely Planet and PBS NewsHour.

7.     Ben Schumin ("Schumin") is a professional photographer who resides in the United States. Schumin is a self-taught photographer with a keen eye for detail. His work is inspired by his interests in transportation, infrastructure, and architecture.  His work has been featured in In Transit magazine, the Huffington Post, Mother Jones, and The Washington Post.

8.     Falco Ermert ("Ermert") is a professional photographer who resides in Germany. With experience in reporting and event photography, Ermert (also known by his pseudonym "Dronepicr") works for magazines. Ermert's main project since 2013 has been "Aerial Perspectives," focusing on the relationship between natural and constructed environments using drone photography.  Ermert's work is published in Yahoo and N-TV, and his clients include Expedia and Vodafone.

9.     Ivan Radic ("Radic") is a professional photographer who resides in Austria. Radic's high quality photography addresses societal and political topics through pictures of his surroundings, objects, nature, and demonstrations, both as he finds them and from his own staging. His photographers have been published on websites for Walmart, The Algemeiner, and Empire Media Network.

10.    Marco Verch ("Verch") is a professional photographer who resides in Germany. Verch is a professional member of the Professional Photographers of America (PPA), and his work covers a wide range of topics, from aerial and drone photography, to sporting events, food, and travel, as well as staged photos for famous websites such as Mashable and Techcrunch.

11.    Nenad Stojkovic ("Stojkovic")  is a professional photographer who resides in Serbia.  Stojkovic specializes in lifestyle photography using everyday

**SRIPLAW**
CALIFORNIA ◆GEORGIA ◆FLORIDA ◆TENNESSEE ◆NEW YORK

scenery from nature, home, or business settings. Stojkovic's work has been published by Trident Insurance Group, Bauer Media, and CarHub Group.

## THE DEFENDANT

12.     Defendant Block, Inc. ("Block"), formerly known as Square, Inc., is a corporation organized and existing under the laws of the state of Delaware.  Its headquarters are at 1455 Market Street, Suite 600, San Francisco, CA 94103, and it has corporate offices at 271 17th Street NW, Atlanta, GA 30363.  Block may be served through its registered agent, C T Corporation System, 330 N. Brand Blvd, Suite 700, Glendale, CA 91203.

13.     Weebly, Inc. ("Weebly") was the owner and operator of a website at https://www.weebly.com, which provides tools and assets for customers to make their own websites, for either commercial or personal use (the "Weebly Website"), as well as a website at http://www.editmysite.com, which hosts assets for customers creating websites through the Weebly Website.

14.     In May 2018, Square, Inc. acquired and merged with Weebly, becoming the owner and operator of the Weebly Website, and then in December 2021, Square, Inc. changed its name to Block, Inc.

## FACTUAL BACKGROUND

### The Plaintiffs' Ownership and License of the Photographs

15.    Photographers identified the photographic works at issue in this case to Block, through counsel (each a "Photograph," collectively the "Photographs"). Prior to litigation, Photographers, through counsel, provided Block with a list of both the Photographs and the websites where Photographers discovered the Photographs displayed in violation of the Photographers' exclusive rights under the Copyright Act.

16.    Investigation of other infringements is ongoing.  Photographers will supplement this Complaint to add infringements discovered after this Complaint was filed.

17.    Each of the Photographs was either created by, or commissioned on a work for hire basis by, one of the Plaintiff Photographers.

18.    Each of the Photographers is the author, copyright holder, or exclusive licensee of one or more of the Photographs.

19.    The Photographs -- in perspective, orientation, positioning, lighting, and other details -- are entirely original and creative.  As such, the Photographs are protected under the Copyright Act.

**SRIPLAW**
CALIFORNIA ◆ GEORGIA ◆ FLORIDA ◆ TENNESSEE ◆ NEW YORK

20.     The Register of Copyrights for the U.S. Copyright Office issued to the

Photographers Certificates of Registration for many of the Photographs.  Those

Photographs not registered with the U.S. Copyright Office are foreign works that

are exempt from the registration requirement in 17 U.S.C. § 411(a).

21.     Each of the Photographers owned and operated his own individual

account on the Flickr photo sharing service at https://www.flickr.com ("Flickr") to

display his Photographs.

22.     The Photographers posted the Photographs on Flickr for display and

distribution pursuant to the Creative Commons Attribution 2.0 Generic license

(available at https://creativecommons.org/ licenses/by/2.0/legalcode, the "CC BY

2.0 License").  The CC BY 2.0 License permitted third parties to use the

Photographs on the condition that the licensee included attribution to the applicable

Plaintiff Photographer with the display of the image, including but not limited to

information such as the author's name, notice of the license, and a link to the

source of the image.

23.     Each of the Photographs included copyright management information

("CMI") in the form of an attribution to the relevant Photographer by name next to

the Photograph as it appeared on Flickr, as well as an adjacent statement of the

application of the Creative Commons License to the Photograph.

**SRIPLAW**

CALIFORNIA ◆ GEORGIA ◆ FLORIDA ◆ TENNESSEE ◆ NEW YORK

24.    Each of the Photographs included CMI that referenced the CC BY 2.0 License applicable to that Photograph.

25.    Many of the Photographs included CMI in metadata embedded in the image files that identified the copyright owner of that Photograph, as well as other information that would assist a licensee with contacting the copyright owner (the "Embedded CMI").

26.    None of the Photographers transferred ownership of copyright to the Photographs to any other person or entity.

<u>Block and Weebly, Inc.'s Merger</u>

27.    Block is a corporation formed in 2008 as Square, Inc. that provides multiple products and services including software, hardware, and financial services to help business owners manage and grow their businesses.

28.    Block changed its corporate name from Square, Inc. to Block, Inc. in or around December 2021.

29.    Weebly was a corporation offering customers technology to build, register, and host their own websites.  Part of the services on the Weebly Website includes a website builder tool (the "Weebly Website Builder") that Weebly created to help customers design a website without prior skills or experience doing so.

**SRIPLAW**

CALIFORNIA ◆ GEORGIA ◆ FLORIDA ◆ TENNESSEE ◆ NEW YORK

30.    The Weebly Website Builder includes a search option for photographic works made available by Weebly through Flickr's application programming interface (the "Flickr API") as images its customers can access, reproduce, and display on their own website without any additional charge.

31.    Weebly merged into Block (then Square, Inc.) in 2018.  Block now owns and operates the Weebly Website. Block assumed all debts and liabilities for Weebly and its prior work with the Weebly Website and the Weebly Website Builder.

32.    Block posts its own copyright notice at the bottom of the webpage reading "© [year] Square, Inc." (even after its name change to Block, Inc.).

33.    Block's terms and conditions on the Weebly Website state that users contract directly with Block when accessing and using the Weebly Website.

34.    Block offers its customers access to a library of images through the Weebly Website Builder so that its customers can quickly and easily build their own website.  Upon selection by a customer, Block copies any images the customers access through the Flickr API and the Weebly Website Builder onto its own server, then distributes and reproduces those images again on the server of its client's website.

**SRIPLAW**

CALIFORNIA ◆GEORGIA ◆FLORIDA ◆TENNESSEE ◆NEW YORK

<u>Prior Infringement by Weebly, Inc.</u>

35.     In late 2017, and through a common agent, a group of photographers including Verch and Ermert put Weebly on notice that it was infringing copyrighted photographs belonging to those photographers.  The asserted infringements at that time were related to Weebly's unauthorized display and distribution of images through the Weebly Website Builder, in violation of attribution requirements of the Creative Commons licenses applicable to the images.

36.     At that time, no attribution whatsoever was provided on the Weebly Website Builder, where Weebly displayed images to its customers as assets that they could use for free on their own new websites.

37.     Further, no attribution was included on either Weebly's own server or its customers' website after that user accessed the images through the Weebly Website Builder and used the image to create a new website.

38.     In summer 2017, at the instruction of the rights holders, the photographers' agent contacted various end-user websites regarding unauthorized display of copyrighted works, and those website owners communicated to the agent that they accessed and copied the respective images through the Weebly Website Builder.

**SRIPLAW**

CALIFORNIA ◆ GEORGIA ◆ FLORIDA ◆ TENNESSEE ◆ NEW YORK

39.     After learning about these communications, Weebly contacted the photographers' agent and suggested an agreement where it would pay a flat fee per image to license the work retroactively on behalf of its customers, stating that Weebly "may have inadvertently made [the images] available to its users" through various APIs.  The retroactive licenses were limited to the specific URL where each infringement was identified.

40.     Once the agreement was signed and after receiving a higher volume of claims from the photographers' agent, Weebly terminated the agreement in December 2017, effective January 2018.

41.     Weebly, through legal counsel, then entered into a settlement agreement with the photographers' agent to resolve all related infringements occurring up to and including May 15, 2018.

<u>Block's Use of the Photographs</u>

42.     Following this settlement of these past claims, Weebly did not change its practices and continued to infringe in the same manner.  The Photographers discovered new infringements occurring after the date of the settlement agreement where Block, then doing business as "Weebly, Inc.", included the Photographs in the Weebly Website Builder, copying and distributing the Photographs to its customers for use without required attribution.

43.     The Photographs, as displayed on Flickr, include CMI in the form of an attribution to the copyright owner and a link to the CC BY 2.0 License conveyed in connection with every image, an example of which is shown here:



44.     The Photographs, as displayed on Flickr, inform viewers that under the CC BY 2.0 License, any use is conditioned on including a link to the original image, the license, and attribution to the author.

45.     Block accessed the Photographs from Flickr through the Flickr API.

46.     Block displays the Photographs on the Weebly Website through the Weebly Website Builder.

47.     The Photographs as displayed on the Weebly Website Builder do not include any information about the image or author, a link to its source, or information about the CC BY 2.0 License, an example of which is shown below:



48.     When a customer selects an image from the Weebly Website Builder to include on a new website, Block copies a full-sized copy of the image from Flickr to its own server at http://www.editmysite.com.

49.     The Photographs, as displayed and hosted on http://www.editmysite.com, do not include any attribution to the author, source, or

license terms for that image.

50.     Weebly designed the Weebly Website Builder to allow its customers to edit photographs that were accessed through the Flickr API.  However, any slight alteration to the images strips each Photograph of any previously existing Embedded CMI in the image file from Flickr.

51.     When the customer's website is published, Block copies the image again, this time from http://www.editmysite.com to the server for that new website.

52.     Block intentionally or recklessly designed the Weebly Website Builder to access images from Flickr, then reproduce and display them without any visible attribution, statement of the CC BY 2.0 License, or link to the source of the image.

53.     Block notifies its customers that the images on the Weebly Website Builder come from Flickr, and that the rights to use the available images may be limited.  This notification, however, does not include a link to the Photograph, an identification of the copyright owner of the Photograph, or an identification of the license under which the image can be used.

54.     Block's selection, reproduction, display, and distribution of the Photographs violate the conditions of the CC BY 2.0 License.

## Block's Customers' Use of the Photographs

55.     Block distributed the Photographs to its customers, who accessed the Photographs through the Weebly Website Builder, then selected them for display on their own website.

56.     When the customers selected a Photograph for use on their own website, the Weebly Website Builder copied the image and reproduced it twice, first on Block's own server at http://www.editmysite.com while the website was being created, then again on the server created for the user's new website once the user published the website.

57.     The display of the Photographs on the customers' websites provided either incorrect or no attribution or information about the selected Photograph.

58.     The Photographs as used by Block's customers fail to include the required attribution and information about the author, the Photograph, and the Creative Commons License on the customer's website.

59.     Many of the Photographs as used by Block's customers include false attributions, identifying the incorrect copyright owner of the Photograph on the customer's website.

**SRIPLAW**
CALIFORNIA ◆ GEORGIA ◆ FLORIDA ◆ TENNESSEE ◆ NEW YORK

60.    Some of the of the Photographs as used by Block's customers include attributions to the Photographer, but the attribution links to the incorrect photograph on Flickr.

61.    None of the Photographers licensed or otherwise authorized Block to edit, reproduce, display, or distribute any of the Photographs outside of the CC BY 2.0 License, whether on the Weebly Website or any of Block's customers' websites.

62.    None of the Photographers licensed or otherwise authorized Block to remove or alter attributions or metadata from any of the Photographs.

## **FIRST CAUSE OF ACTION**

### Direct Copyright Infringement – 17 U.S.C. §§ 501 *et seq*.

63.    Photographers re-allege and incorporate by reference paragraphs 1 through 62 above.

64.    By displaying and hosting the Photographs on the Weebly Website and the http://www.editmysite.com server without any attribution and in violation of the conditions of the CC BY 2.0 License, Block infringed the Photographers' exclusive rights granted in 17 U.S.C. § 106, specifically their exclusive rights to: (1) reproduce the copyrighted works in copies; (2) distribute copies of the

copyrighted works to the public by sale or other transfer of ownership, or by rental, lease, or lending; and (3) display the copyrighted work publicly.

65.     As the Photographers discovered the unauthorized reproduction, display, and distribution of the Photographs within three years from the date of this filing, and Block continues to actively display the Photographs as of the date of this filing, all claims of infringement are within the three-year statute of limitations period pursuant to 17 U.S.C. § 507(b).

66.     As a direct and proximate result of their wrongful conduct, Block has realized and continues to realize profits and other benefits rightfully belonging to the Photographers for the Photographs.  Accordingly, the Photographers are entitled to and seek an award of actual damages and profits pursuant to 17 U.S.C. § 504(b).

67.     In the alternative, for those Photographs that were registered with the Copyright Office prior to the infringing use by Block, the Photographers are entitled to and seek distinct statutory damages for each of Block's infringements of the Photographs, including attorneys' fees and costs, pursuant to 17 U.S.C. §§ 504(c)(1) and 505.

68.     Despite prior notice to Block that its reproduction, display, and distribution of photographic works did not meet the requirements of the CC BY 2.0

SRIPLAW
CALIFORNIA ◆ GEORGIA ◆ FLORIDA ◆ TENNESSEE ◆ NEW YORK

License, Block continues to violate copyrights by reproducing, displaying, and distributing the photographic works without meeting the conditions of the CC BY 2.0 License.

69.     As Block's infringements are with actual notice of its violative activity, the infringements are willful and performed with either reckless disregard for the Photographers' rights, willful blindness that the reproductions, displays, and distributions of the Photographs were unauthorized, or actual knowledge that its actions were infringing.  Photographers are therefore entitled to the recovery of enhanced statutory damages pursuant to 17 U.S.C. 504(c)(2).

70.     The Photographers are entitled to and seek recovery of their costs of litigation and attorneys' fees pursuant to 17 U.S.C. § 505.

## SECOND CAUSE OF ACTION

Removal or Alteration of Copyright Management Information –
17 U.S.C. §§ 1201 et seq.

71.     Photographers re-allege and incorporate by reference paragraphs 1 through 62 above.

72.     The attributions included next to each of the Photographs on Flickr as well as the CC BY 2.0 License available with each of the Photographs constitute

**SRIPLAW**

CALIFORNIA ◆GEORGIA ◆FLORIDA ◆TENNESSEE ◆NEW YORK

copyright management information pursuant to 17 U.S.C. § 1202(c)(1), (2), (3), (6), and (7).

73.    The Embedded CMI constitutes copyright management information pursuant to 17 U.S.C. § 1202(c)(1), (2), (3), (6), and (7).

74.    On information and belief, Block, without the authority of any of the Photographers or the law, intentionally altered and removed all attribution or information related to the Photographs, then distributed the Photographs to the website creators knowing that the copyright management information had been removed or altered, and knowing or having reasonable grounds to know that such removal or alteration would induce, enable, facilitate, or conceal a copyright infringement, in violation of 17 U.S.C. § 1202(b).

75.    On information and belief, Block, without the authority of any of the Photographers or the law, created an image editing tool that enabled its customers to strip and remove Embedded CMI, thereby intentionally altering and removing all Embedded CMI.  Block then distributed the Photographs to the website creators knowing that the copyright management information had been removed or altered and knowing, or having reasonable grounds to know, that such removal or alteration would induce, enable, facilitate, or conceal a copyright infringement, in violation of 17 U.S.C. § 1202(b).

76.     As a direct and proximate result of Block's wrongful conduct, the

Photographers have suffered damages and so are entitled to the remedies set forth

under 17 U.S.C. § 1203.

77.     Specifically, the Photographers are entitled to and seek actual

damages pursuant to 17 U.S.C. § 1203(c)(2).

78.     In the alternative, the Photographers are entitled to and seek statutory

damages pursuant to 17 U.S.C. § 1203(c)(3)(B), and costs of litigation and

attorneys' fees pursuant to 17 U.S.C. § 1203(b)(4-5) for each violative act by

Block regarding each of the Photographs.

### <u>THIRD CAUSE OF ACTION</u>

<u>Secondary Copyright Infringement – 17 U.S.C. §§ 501 *et seq*.)</u>

79.     Photographers re-allege and incorporate by reference paragraphs 1

through 62 above.

80.     By displaying the Photographs on their websites without any

attribution and in violation of the CC BY 2.0 License, the non-party website

creators directly infringed on the Photographers' exclusive rights granted in 17

U.S.C. § 106, specifically the exclusive rights to: (1) reproduce the copyrighted

works in copies; (2) distribute copies of the copyrighted works to the public by sale

or other transfer of ownership, or by rental, lease, or lending; and (3) display the copyrighted work publicly.

81.     As the Photographers discovered the unauthorized reproduction, display, and distribution of the Photographs within three years of this filing, all claims of infringement are within the three-year statute of limitations period pursuant to 17 U.S.C. § 507(b).

82.     As a direct and proximate result of their wrongful conduct, the website creators have realized and continue to realize profits and other benefits rightfully belonging to the Photographers for the Photographs.  Accordingly, the Photographers are entitled to and seek an award of actual damages and profits pursuant to 17 U.S.C. § 504(b).

83.     In the alternative, for those Photographs that were registered with the Copyright Office prior to the infringing use by Block's customers, Photographers are entitled to and seek statutory damages for the website creators' infringements of the Photographs, including attorneys' fees and costs, pursuant to 17 U.S.C. §§ 504(c)(1) and 505.

84.     Block had knowledge of the website creators' direct infringements, and induced, caused, and materially contributed to that infringing conduct, and so

is a contributory infringer to all claims of direct infringement related to the non-party website creators.

85.     Alternatively, as Block had the legal right and the ability to stop its customers' infringements and gained a direct financial benefit from the infringements of the Photographs, Block is vicariously liable for those infringements.

## PRAYER FOR RELIEF

WHEREFORE, the Photographers pray that this Honorable Court:

1.     Issue an order that Block's unauthorized conduct violates The Photographers' rights under the Federal Copyright Act at 17 U.S.C. §101, et seq.;

2.     Order Block to account to The Photographers for all gains, profits, and advantages derived from their infringements of the Photographs;

3.     Order Block to pay the Photographers all profits and damages in such amount as may be found pursuant to 17 U.S.C. § 504(b) (with interest thereon at the highest legal rate) for all infringements of the Photographs; alternatively, maximum statutory damages in the amount of $30,000 for infringement of each of the Photographs pursuant to 17 U.S.C. § 504 (c)(1); or such other amount as may be proper pursuant to 17 U.S.C. § 504;

SRIPLAW

CALIFORNIA ◆ GEORGIA ◆ FLORIDA ◆ TENNESSEE ◆ NEW YORK

4.   Award the Photographers maximum statutory damages in the amount of $150,000 for Block's willful infringement of each of the Photographer's respective copyrights in the Photographs pursuant to 17 U.S.C. § 504 (c)(2); or such other amount as may be proper pursuant to 17 U.S.C. § 504;

5.   Issue an order that Block's customers' unauthorized conduct violates The Photographers' rights under the Federal Copyright Act at 17 U.S.C. §101, et seq.;

6.   Issue an order that Block is either vicariously liable for its customers' infringements, or alternatively that Block is contributorily liable for its customers' infringements of the Photographs;

7.   Order Block and its customers to be joint and severally liable to the Photographers for either all profits and damages in such amount as may be found pursuant to 17 U.S.C. § 504(b) (with interest thereon at the highest legal rate) for all infringements of the Photographs, or maximum statutory damages in the amount of $30,000 for infringement of each of the Photographs pursuant to 17 U.S.C. § 504 (c)(1); or such other amount as may be proper pursuant to 17 U.S.C. § 504;

8.   Award the Photographers actual damages suffered and profits for each violation of 17 U.S.C. § 1202(b), pursuant to 17 U.S.C. § 1203(c)(2) (with interest

thereon at the highest legal rate); or such other amount as may be proper pursuant to 17 U.S.C. 1203;

9.      In the alternative, if the Photographers so elect, award the Photographers maximum statutory damages in the amount of $25,000 for each unauthorized violation of 17 U.S.C. § 1202(b) pursuant to 17 U.S.C. § 1203(c)(3)(B), or such other amount as may be proper pursuant to 17 U.S.C. § 1203;

10.     Order Block to pay the Photographers their costs of litigation and reasonable attorneys' fees in this action, pursuant to 17 U.S.C. §§ 505 and 1203;

11.     Order Block to deliver to the Photographers all copies of the Photographs and all other materials containing such infringing copies of the Photographs in their possession, custody or control;

12.     Order Block, its agents, and its servants to be enjoined during the pendency of this action and permanently from infringing the copyrights of the Photographers in any manner and from reproducing, distributing, displaying, or creating derivative works of the Photographs; and

13.     Order such other and further relief as this Honorable Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiffs demand a jury trial on all counts so triable.

Dated:  February 23, 2022                 Respectfully submitted,

*/s/ Evan A. Andersen*
EVAN A. ANDERSEN
Georgia Bar Number: 377422
Evan.andersen@sriplaw.com
 JOEL B. ROTHMAN
Georgia Bar Number: 979716
joel.rothman@sriplaw.com

**SRIPLAW, P.A.**
21301 Powerline Road
Suite 100
Boca Raton, FL  33433
561.404.4350 – Telephone
561.404.4353 – Facsimile

*Counsel for Plaintiffs Dale Cruse, Jernej*
*Furman, Alex Proimos, Ben Schumin, Falco*
*Ermert, Ivan Radic, Marco Verch, And*
*Nenad Stojkovic*

## <u>CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 5.1.C</u>

Counsel for the Photographers hereby certifies that this pleading was prepared

in Times New Roman font, 14-point, in compliance with Local Rule 5.1.C.

Dated:  February 23, 2022                    Respectfully submitted,


                                             */s/ Evan A. Andersen*
                                             EVAN A. ANDERSEN
                                             Georgia Bar Number: 377422
                                             Evan.andersen@sriplaw.com
                                             JOEL B. ROTHMAN
                                             Georgia Bar Number: 979716
                                             joel.rothman@sriplaw.com

                                             **SRIPLAW, P.A.**
                                             21301 Powerline Road
                                             Suite 100
                                             Boca Raton, FL  33433
                                             561.404.4350 – Telephone
                                             561.404.4353 – Facsimile

                                             *Counsel for Plaintiffs Dale Cruse, Jernej*
                                             *Furman, Alex Proimos, Ben Schumin, Falco*
                                             *Ermert, Ivan Radic, Marco Verch, And*
                                             *Nenad Stojkovic*

**SRIPLAW**
CALIFORNIA ◆GEORGIA ◆FLORIDA ◆TENNESSEE ◆NEW YORK